IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH KLAYBOR, Independent Administrator of the Estate of Matthew Klaybor, Deceased<br><br>   Plaintiff,<br><br> vs.<br><br>FLOWERS BAKING COMPANY of BATESVILLE, LLC, an Arkansas Corporation, FLOWERS FOODS, INC., a Georgia Corporation, and BANC OF AMERICA LEASING & CAPITAL, LLC, a Delaware Corporation<br><br>   Defendants. | Case No. 14-cv-095-SMY-DGW |

MEMORANDUM AND ORDER

  This matter comes before the Court on defendant Banc of America Leasing & Capital, LLC's (BOA) Motion to Dismiss the Second Amended Complaint (Doc. 20). For the following reasons, the Court Dismisses the Second Amended Complaint against defendant Banc of America Leasing and Capital, LLC. Without prejudice.

**1. Facts**

  The Second Amended Complaint alleges that on December 13, 2013, a 2012 Isuzu box truck left the northbound lane of Route 127 and entered the southbound lane of that highway resulting in serious injuries and the death of Matthew Klaybor. (Doc. 20). The plaintiff brought suit on behalf of the Estate of Matthew Klaybor against the defendants, including Banc of America Leasing, LLC. (Doc. 20).

  Banc of America Leasing & Capital, LLC was the lessor of the 2012 Isuzu box truck involved in this occurrence which was leased to Defendant Flowers Baking Company of

Batesville, LLC. (Doc. 20). As part of its leasing contract, BOA Leasing reserved the right to enter and inspect the vehicle to confirm its existence, condition and proper maintenance (Doc. 20). Plaintiff has not alleged any specific acts of negligence or unlawfulness in its Complaint against BOA. In his Response to BOA's motion, Plaintiff asks the Court to reserve ruling on this motion until he has had the opportunity to conduct discovery to determine if BOA can be held liable for any injuries. (Doc. 27)

**2. Analysis**

Courts are reluctant to dismiss a case on technical grounds and prefer to decide cases on their merits. *Foman v. Davis*, 371 U.S. 178, 181 (1962). All of the well-pleaded factual allegations contained in the amended complaint must be taken as true and construed in a light most favorable to the plaintiff. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249 (1989). Dismissal for failure to state a claim is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

Rule 8 does not require plaintiffs to plead the "elements" of legal theories, or facts corresponding to each element. See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-11 (2002); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1077–78 (7th Cir.1992). Therefore, when federal courts entertain claims under state law, it is not necessary to plead facts matching elements of legal theories. See *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir.2006); *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 277 (7th Cir.2003).

Although the complaint might not contain all of the facts that would be necessary to prove a claim, "a filing under Rule 8 is not supposed to do that." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). Instead, the Complaint "should be 'short and plain' and suffices if it

notifies the defendant of the principal events." *Id*. (quoting Fed.R.Civ.P. 8(a)(2)). Here, the plaintiff's allegations against BOA have not sufficiently described the events giving rise to the claims.

> The Graves Amendment provides:
>
> (a) IN GENERAL. An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or the lease, if--
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106 (definitions omitted). Illinois courts have routinely held the Graves Amendment expressly preempts liability claims against commercial renters and lessors of motor vehicles after the effective date of the Graves Amendment. See *Johnson v. XTRA Lease LLC*, 2010 WL 706037, at *3 (N.D. Ill. 2010) (dismissing motor vehicle liability claim against defendant "engaged in the business of leasing a fleet of approximately 100,000 trailers to third party customers").

The Complaint brings suit against Banc of America Leasing & Capital, LLC, as a lessor. Consistent with its name, BOA Leasing leased the 2012 Isuzu box truck to co-defendant Flowers Baking Co. of Batesville, LLC in its ordinary course of business. (Doc. 20-Exhibit 1). Daniel Hodapp was not an employee of BOA Leasing and that no employee of BOA Leasing was driving the box truck for Flowers Baking Co. The only way Plaintiff can avoid Graves Amendment preemption, is to plead independent negligence by BOA Leasing. See 49 U.S.C. §

30106(a)(2). The Complaint does not set forth any facts that plausibly suggest BOA Leasing committed any independent act of negligence.

Plaintiff essentially concedes that he has not sufficiently stated a case against BOA and that he is not in a position to do so at this time.  Additionally, plaintiff provides no case law in support of his proposition that reserving judgment on a motion to dismiss would be appropriate in this case, and the Court does not see any reason to do so.  Nonetheless, granting Defendant's motion to dismiss with prejudice is not warranted under the circumstances. Consequently, the Court finds that the interests of justice suggest that a dismissal without prejudice is appropriate.

### 3.  Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss the Second Amended Complaint is **GRANTED** without prejudice.

IT IS SO ORDERED.

DATED: October 6, 2014

_/s/_ Stack M. Yandle_
STACI M. YANDLE
DISTRICT JUDGE